## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| BRUCE E. RICKER, individually and on behalf<br>of all others similarly situated,<br><br>                           Plaintiff,<br><br>    v.<br><br>ZOO ENTERTAINMNET, INC., MARK<br>SEREMET, DAVID FREMED<br><br>                        Defendants. | Civil Action No. 1:11-cv-490-SAS-KLL |

### MOTION OF BRUCE E. RICKER FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

Pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), Plaintiff Bruce E. Ricker ("Movant" or "Ricker") hereby moves this Court for the entry of an order: (1) consolidating the above captioned cases; (2) appointing Ricker as Lead Plaintiff for the Class; (3) approving Ricker's selection of Faruqi & Faruqi, LLP and Strauss & Troy as Co-Lead Counsel for the class. The accompanying Memorandum of Law and the Declaration of Richard S. Wayne in Support of the Motion of Bruce E. Ricker for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel ("Wayne Decl.") are submitted herewith.

Dated: September 26, 2011

                                   Respectfully submitted,

                                   /s/ Richard S. Wayne
                                   Richard S. Wayne Ohio Atty No. 0022390
                                   /s/ William K. Flynn
                                   William K. Flynn Ohio Atty No. 0029536
                                   /s/ Joseph J. Braun
                                   Joseph J. Braun Attorney Bar No. 0069757
                                   **STRAUS & TROY**
                                   The Federal Reserve Building

150 East Fourth Street
Cincinnati, OH 45202-4018
Tel: (513) 621-2120
Fax: (513) 629-9426
Email: rswayne@strausstroy.com
       wkflynn@strausstraoy.com

**FARUQI & FARUQI, LLP**
Antonio Vozzolo
Richard Gonnello
369 Lexington Ave., Tenth Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: avozzolo@faruqilaw.com
       rgonnello@faruqilaw.com

**FARUQI & FARUQI, LLP**
Jacob A. Goldberg
Sandra G. Smith
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19012
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
Email: jgoldberg@faruqilaw.com
       ssmith@faruqilaw.com

*Attorneys for Plaintiff/Movant Bruce E. Ricker*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| BRUCE E. RICKER, individually and on behalf of all others similarly situated, | Civil Action No. 1:11-cv-490-SAS-KLL |
| Plaintiff, | |
| v. | |
| ZOO ENTERTAINMNET, INC., MARK SEREMET, DAVID FREMED | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF BRUCE E. RICKER**
**FOR APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL OF**
**LEAD PLAINTIFF'S SLECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

Plaintiff Bruce E. Ricker ("Ricker" or "Movant") hereby submits this Memorandum of

Law in support of his motion for appointment as lead plaintiff, approval of his selection of lead

counsel.

**INTRODUCTION**

Plaintiff Bruce E. Ricker brought this securities class action ("Action") against Zoo

Entertainment Group ("Zoo" or "Company") and senior officers Mark Seremet ("Seremet") and

David Fremed ("Fremed" and together with Zoo and Seremet, "defendants"). Ricker alleges a

"Class Period" of May 17, 2010, through April 15, 2011, inclusive, during which time, by virtue

of defendants' materially false and misleading statements, the share price of Zoo common stock

was artificially inflated in violation of Sections 10(b) and 20(a) of the Securities Exchange Act

of 1934 ("Exchange Act"), 15 U.S.C. §78j(b), and Rule 10b-5 promulgated thereunder. 17

C.F.R. §240.10b-5.

As a direct result of his purchases of 12,100 shares of Zoo common stock during the Class Period, Ricker alleges losses of $24,808.24.[1] To his knowledge, Ricker is the person seeking lead plaintiff status with the largest financial interest in the outcome of this Action. In addition, Ricker satisfies the applicable elements of Fed. Rule Civ. P. 23(a) in that his claims against defendants are typical of those of the class and he is an adequate class representative. Fed. R. Civ. P. 23(a). As such, Movant qualifies for appointment as lead plaintiff in this Action. In addition, Ricker seeks approval of his selection of Faruqi & Faruqi, LLP as lead counsel and Strauss & Troy as Liaison Counsel.

## PROCEDURAL BACKGROUND

Plaintiff Ricker filed this Action on or about July 22, 2011. To his knowledge, no other plaintiff filed any related action in this or any other District Court. On July 26, 2011, pursuant to the Exchange Act mandate, 15 U.S.C. 78u-4(a)(3)(A)(i), Ricker published a notice on the *Globe Newswire*, informing members of the Class of the existence of the action, summarizing the underlying factual allegations and alerting them of the deadline by which they may move to serve the Class as Lead Plaintiff. *See* Wayne Decl., Ex. A.[2] The deadline for filing any such motion for appointment as lead plaintiff expires on September 26, 2011. 15 U.S.C. §78u-4(a)(3)(A)(i)(II) (motions for appointment as lead plaintiff due "not later than 60 days after the

---

[1] The losses Movant claims for purposes of this Motion for appointment as lead plaintiff are not the same as legal compensable damages. The calculation of damages will occur at a later stage of this litigation. Movant determines his losses by subtracting the post Class Period sale price from the Class Period purchase price and multiplying that amount by the number of shares at issue. *See* Declaration of Richard S. Wayne in Support of the Motion of Bruce E. Ricker for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel ("Wayne Decl."), Ex. B.

[2] Another law firm which had not filed a complaint on behalf of any plaintiff filed a defective notice on July 25, 2011. That defective notice has no bearing on the deadline for filing a motion, seeking appointment as lead plaintiff.

date on which the notice is published").[3] Ricker, therefore, timely files this Motion within 60 days after the publication of his Notice.

## FACTUAL BACKGROUND

Ricker filed this Action on behalf of himself and a Class of persons who purchased or otherwise acquired the common stock of Zoo during the Class Period. Zoo purports to develop and license family-friendly video games, selling its products to retail chains, game rental outlets and distributors both domestic and international. ¶2.[4]

For the first three quarters of 2010, Zoo issued unaudited financial results, ¶¶3-4, that Seremet and Fremed certified as materially accurate. ¶¶14-15. For example, for the first quarter of 2010, Zoo disclosed a 23.4% increase in revenues and a small profit of $290,000 or $0.26 per basic share far healthier than the $1.4 million loss the Company had suffered in the same quarter of 2009. ¶27. The Company included these far healthier financial results in its Registration Statement on Form S-1 that it filed with the SEC on June 3, 2010. ¶31. That Registration Statement, as amended, became effective on June 30, 2010, ¶35, and on July 7, 2010, the Company priced its offering of 1.6 million at $6.00 per share. ¶36.

The financial results that Seremet and Fremed had certified, however, were materially false and misleading. With knowledge of the inadequacy of Zoo's internal accounting controls, defendants reported an overstatement of shareholder equity by $250,000 and inflated net income and diluted net income per common share of 660% and 900% respectively. ¶38. The Company reported similarly materially inaccurate financial results for the second and third quarters of 2010. *See, e.g.*, ¶¶44 and 48.

---

[3] Under Rule 6(a) the day of the event is excluded. Fed. R. Civ. P. 6(a)(1). In addition, if the last day is a Saturday, Sunday or legal holiday, Rule 6(a) extends the time to file until the next day that is not Saturday, Sunday or a legal holiday. Fed. R. Civ. P. 6(a)(2). Because the 60 day deadline falls on September 24, 2011, a Saturday, the deadline is extended until Monday, September 26, 2011.
[4] References to the Complaint in the Action are designated "¶__."

3

Shortly after the close of trading on April 15, 2011, however, defendants disclosed that investors should no longer rely on Zoo's financial statements for the first three quarters of 2010. ¶49. The Company disclosed artificially inflated shareholder equity for those quarters and materially understated net losses for those quarters. ¶¶50-52. On the announcement of these restated results, the price of Zoo common stock fell 34.3% from a close of $4.40 per share on April 15, 2011 to an April 18, 2011 close of $2.89 per share on relatively heavy volume of 1.045 million shares traded. ¶56.

## ARGUMENT

### A. This Court Should Appoint Ricker as Lead Plaintiff

#### 1.    The Requirements of the Exchange Act's Lead Plaintiff Provisions

For class actions alleging violations of its provisions, the Exchange Act mandates the process by which this Court must select a lead plaintiff and approve that plaintiff's choice of lead counsel. *See* 15 U.S.C. §78u-4(a)(3). Initially, the plaintiff who files the first action must publish notice within twenty (20) days of the filing of the action, informing the members of the class of their right to seek appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). As noted above, Ricker published notice of this Action on July 26, 2011. *See* Wayne Decl., Ex. A. Ricker's notice indicated that within sixty (60) days of the date of the publication of the required notice, or September 26, 2011, any member of the Class may apply to this Court for appointment as lead plaintiff, regardless of whether they had filed a related complaint in this action. *Id*. That notice complied with the express terms of the Exchange Act. *See* 15 U.S.C. §78u-4(a)(3)(A).

After consolidating any related cases, the Exchange Act tasks this Court with appointing as lead plaintiff the person or person(s) it determines to be "the most adequate plaintiff" to represent the class. 15 U.S.C. §78u-4(a)(3)(B)(iii). If the Court is not required to consolidate

4

related actions, the Exchange Act requires it to appoint a lead plaintiff within ninety (90) days of

the publication of the initial notice of pendency. 15 U.S.C. §78u-4(a)(3)(B)(i). To Ricker's

knowledge, no other member of the Class has filed a related action. As such, the Exchange Act

sets a deadline of October 24, 2011 for this Court to rule on any competing motion to serve as

lead plaintiff.[5]

In determining which movant is the "most adequate plaintiff," the Exchange Act states:

> The Court shall adopt a presumption that the most adequate
> plaintiff is any private action arising under this title is the person or
> group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to
> a notice. . .
>
> (bb) in the determination of the court, has the largest financial
> interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal
> Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 2. Ricker is "The Most Adequate Plaintiff"

#### a. Ricker has Time Moved for Appointment as Lead Plaintiff

As stated above, Ricker has timely moved to serve as Lead Plaintiff for the Class. In

addition, appended to his Complaint and to the Wayne Decl. as Exhibit C, Ricker provides a

Certification, pursuant to the Act, 15 U.S.C. §78u-4(a)(2)(A), attesting, among other things, that

he reviewed the Complaint in this Action, that he is willing to serve as a class representative, and

detailing his transactions in Zoo stock. *See* Wayne Decl., Ex. C. Ricker has also selected his

counsel as Lead Counsel for the Class. *See* Wayne Decl., Exs. D and E.

---

[5] Ninety (90) days from July 26, 2011 is October 22, 2011, a Saturday. The next Monday is October 24, 2011.

As such, Ricker has complied with the Exchange Act's procedural requirements for serving as lead plaintiff.

### b. Ricker has the Largest Financial Interest

The Exchange Act requires this Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the person who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).

During the Class Period, Ricker purchased 12,100 shares of Zoo common stock. He sold each share of stock after the end of the Class Period. He acquired these shares when defendants' allegedly materially false and misleading statements had caused the price of Zoo's common stock to be artificially inflated. As a result, Ricker sustained losses of $24,808.24. *See* Wayne Decl., Ex. B. To his knowledge, Ricker has the largest financial interest of any Class member who seeks or will seek to serve as Lead Plaintiff for the Class in this Action.

### c. Ricker Otherwise Satisfied Fed. R. Civ. P. 23(a)

In addition to demonstrating the largest financial interest in the litigation's outcome of any plaintiff seeking appointment as lead plaintiff, the Exchange Act requires movants to "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). For purposes of appointing a lead plaintiff under the its lead plaintiff provisions, of Rule 23(a)'s four requirements, the Exchange Act only requires prospective lead plaintiffs to meet the typicality and adequacy elements that "directly address the personal characteristics of the class representative." *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 304 (N.D. Ohio 2005) (citing *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715,

1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)). Ricker's claims are typical of those of the Class and he is an adequate representative of the Class in this Action.

### (i)     Ricker's Claims are Typical of Those of the Class

Rule 23(a) provides that the claims of defenses of a representative party must be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a). "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (citing 1 *Herbert B. Newberg & Alba Conte, Newberg on Class Actions*, § 3.13, at 3-76 (3d ed. 1992)); *see also Ohio Pub. Emp. Ret. Sys. v. Fannie Mae*, 357 F. Supp.2d 1027, (S.D. Ohio 2005).

Ricker's Action alleges violations of the Exchange Act's anti-fraud provisions against defendants. He seeks to represent a Class of purchasers of Zoo common stock who have substantially similar, non-conflicting interests, and whose claims are based on the same legal theories. Ricker satisfies the typicality requirement because, like the other members of the Class, he purchased Zoo common stock during the Class Period and suffered damages as a result of the artificial inflation in the price of Zoo common stock that defendants' alleged wrongdoing caused. Ricker's claims, therefore, are typical of those of the members of the Class. *See Fannie Mae*, 257 F. Supp.2d at 1034-35.

### (ii)     Ricker is an Adequate Representative of the Class

In addition, this Court must determine whether Ricker is an adequate representative of the Class. *In re The Goodyear Tier & Rubber Co. Sec. Litig.*, Case No. 5:03CV2166, 2004 U.S. Dist. LEXIS 27043 *26-27 (N. D. Ohio May 12, 2004). An adequate plaintiff has common interests with the members of the class and must appear willing vigorously to prosecute the

7

action with experienced counsel. *Id.* at \*29 (citing *In re: Amer. Med. Sys.*, 75 F.3d at 1082); *see also In re Cardinal Health*, 226 F.R.D. at 304 (a plaintiff is adequate if its interest is not antagonistic to the class and counsel is qualified to conduct the litigation); 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) and (bb).

No antagonism exists between Ricker's interests and the other members of the Class. Nor is Ricker aware of any defense that is unique to his claims. Indeed, Ricker has already taken significant steps to protect the interests of the Class, indicating his willingness to remain its standard-bearer. He has filed the only Complaint against defendants, certifying his willingness to serve the Class as Lead Plaintiff. He has retained competent and experienced counsel who are well qualified to conduct this litigation on behalf of the Class. And, he has moved the Court for appointment as Lead Plaintiff in this Action. *In re: Goodyear*, 2004 U.S. Dist. LEXIS 27043 at \*26-27 (court found adequacy because of common interests among class and proposed lead plaintiff and absence of evidence that plaintiff would not adequately pursue the interests of the class).

Thus, in addition to having the largest financial interest in the outcome of this litigation, Ricker has also made the requisite showing that his claims are typical of those of the other members of the Class and he will adequately protect the interests of the Class. This Court, therefore, should appoint Ricker as Lead Plaintiff for the Class in this Action.

## C. The Court Should Approve Ricker's Choice of Counsel

Having appointed Movant as Lead Plaintiff, the Exchange Act next requires this Court to approve his selection of Lead Counsel. Subject to Court approval, the Exchange Act enables the lead plaintiff the Court appoints to select and retain counsel for the Class. 15 U.S.C. §78u-

4(a)(3)(B)(v). Ricker has selected Faruqi & Faruqi, LLP as Lead Counsel and Strauss & Troy as Liaison Counsel for the Class.

Nothing of record exists, suggesting that Faruqi & Faruqi and Strauss & Troy will not fairly or adequately represent the Class. "In making this determination, the Court must consider whether the proposed counsel are qualified, experienced, and generally able to conduct the litigation." *Id*. at * 30 (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000)). A review of the resumes of Faruqi & Faruqi and Strauss & Troy indicates that each of these firms has extensive experience in prosecuting complex securities actions and is well qualified to represent the Class. *See* Wayne Decl., Exs. D and E. As such, this Court should approve Ricker's selection of Faruqi & Faruqi as Lead Counsel and Strauss & Troy as Liaison Counsel

## CONCLUSION

For the foregoing reasons, Ricker respectfully requests that the Court (a) appoint him Lead Plaintiff in this Action, and (b) approve his selection of Faruqi & Faruqi, LLP as Lead Counsel and Strauss & Troy as Liaison Counsel.

Dated: September 26, 2011

Respectfully submitted,

/s/ Richard S. Wayne
Richard S. Wayne Ohio Atty No. 0022390
/s/ William K. Flynn
William K. Flynn Ohio Atty No. 0029536
/s/ Joseph J. Braun
Joseph J. Braun Attorney Bar No. 0069757
**STRAUS & TROY**
The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202-4018
Tel: (513) 621-2120
Fax: (513) 629-9426
Email: rswayne@strausstroy.com
        wkflynn@strausstraoy.com

9

**FARUQI & FARUQI, LLP**
Antonio Vozzolo
Richard Gonnello
369 Lexington Ave., Tenth Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: avozzolo@faruqilaw.com
          rgonnello@faruqilaw.com

**FARUQI & FARUQI, LLP**
Jacob A. Goldberg
Sandra G. Smith
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19012
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
Email: jgoldberg@faruqilaw.com
          ssmith@faruqilaw.com

*Attorneys for Plaintiff/Movant Bruce E. Ricker*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the parties and attorneys of record herein, via the Court's CM/ECF system by electronice transmission on this 26th day of September, 2011.

/s/ William K. Flynn
William K. Flynn, Ohio Atty. No. 0029536

11